UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARNA NOVAK and WILLIAM NOVAK,**

   **Plaintiffs,**

v.             Case No: 6:15-cv-215-Orl-41DCI

**SAFECO INSURANCE COMPANY OF ILLINOIS,**

   **Defendant.**
            /

## ORDER

THIS CAUSE is before the Court on Plaintiff Marna Novak's Amended Motion for Attorneys' Fees and Costs (Doc. 81). United States Magistrate Judge Danial C. Irick submitted a Report and Recommendation ("R&R," Doc. 86), in which he recommends that the motion be granted in part and Plaintiff be awarded a portion of her requested fees. Plaintiff filed Objections (Doc. 87) to the R&R, and Defendant filed a Response to Plaintiff's Objections (Doc. 88).[1] As set forth below, this Court agrees with the analysis in the R&R.

### I. LEGAL STANDARD

A district court is required to review *de novo* the objected-to portions of a magistrate judge's recommendation and "may accept, reject, or modify, in whole or in part" the recommendation. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Moreover, a district court may "receive further evidence[] or return the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

---

[1] In the Response, Defendant also raises objections for the first time. These objections are untimely and will not be considered. *See* Fed. R. Civ. P. 72(b)(2).

## II. ANALYSIS

Plaintiff makes two objections to the R&R. First, Plaintiff objects to the recommended reasonable hourly rate of $450.00 per hour for attorney Stephen Marino and contends that, instead, $625.00 per hour is a reasonable hourly rate. The Court agrees with the R&R. The cases and evidence cited by Plaintiff are not sufficient to justify an award of $625.00 per hour for Mr. Marino. At the outset, Mr. Marino himself has provided no evidence to support that number. At most, Mr. Marino has attested that one of his clients is willing to pay as much as $575.00 an hour for his services. However, Plaintiff has not presented this Court with any evidence of such a high hourly rate being awarded in this market for similar or substantially similar litigation as that in this case. Based on this Court's research and knowledge of the relevant legal market, the Court agrees that $450.00 is a reasonable hourly rate for Mr. Marino.

Plaintiff also objects to the eighty-five percent reduction in all fees incurred by professionals associated with Ver Ploeg & Lumpkin, PA ("VPL") prior to October 15, 2015. Plaintiff argues that VPL was only hired to litigate the bad faith claim and, therefore, all of their time was necessarily related to the bad faith claim and should be compensable. However, despite VPL's ultimate goal to bring a bad faith claim, much of its work was in furtherance of the underlying breach of contract claim. Although there may be some overlap in the evidence required to prove both, the breach of contract and bad faith claims are not inextricably intertwined with respect to the attempted filing of an amended pleading because the research and drafting—which constitutes the majority of the relevant fees—with respect to each issue could be clearly delineated in this case. Furthermore, the Court agrees that insofar as the hours were nominally incurred in litigating the bad faith claim, the majority of the hours were not a reasonable expenditure of hours with respect to premature attempts to assert the bad faith claim. Finally, as noted by Defendant,

many of the requested hours are contributable to multiple reviews of documents and internal conferences, which are not properly shifted to Defendant. Accordingly, the Court agrees that a general reduction of eighty-five percent for all fees incurred prior to the ripening of the bad faith claim is appropriate to compensate Plaintiff for the work ultimately applied toward the litigation of that claim but does not unnecessarily shift fees onto Defendant for unwarranted, unwise, and otherwise noncompensable expenditures of time by Plaintiff.

### III. CONCLUSION

1. The Report and Recommendation (Doc. 86) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. Plaintiff Marna Novak's Amended Motion for Attorneys' Fees and Costs (Doc. 81) is **GRANTED in part** and **DENIED in part**.
3. Plaintiff is awarded $40,150.00 in attorneys' fees. In all other respects, the motion is denied.

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record